# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BRIAN HAROLD OWENS, )<br>　　　　Petitioner, )<br> )<br>v. )<br> )<br>HAROLD W. CLARKE, DIRECTOR, )<br>　　　　Respondent. ) | Civil Action No. 7:20cv00273<br><br>MEMORANDUM OPINION<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

　　　　Brian Harold Owens, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his Washington County Circuit Court convictions for felon in possession of a firearm, possession of ammunition by a felon, and obstruction of justice. The final judgment order, entered November 8, 2017, imposed a sentence of fifteen years, with eight years suspended. The respondent has filed a motion to dismiss, alleging that Owens' claims are unexhausted.

　　　　Owens' timely appeal to the Court of Appeals of Virginia was ultimately dismissed by a three-judge panel. Owens v. Commonwealth, No. 2000-17-3 (Va. Ct. App. entered Oct. 4, 2018). His petition to the Supreme Court of Virginia was also refused. Owens v. Commonwealth, No. 181432 (Va. entered May 22, 2019). Owens did not petition the United States Supreme Court for certiorari. Thereafter, he filed a petition for writ of habeas corpus in the Supreme Court of Virginia on April 14, 2020, alleging ineffective assistance of counsel and other constitutional violations, which petition is still pending before the state

court as Owens v. Clarke, Record No. 200514. His current federal petition, alleging the same constitutional issues as his state petition, was docketed by the Clerk on May 11, 2020.

      A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). This means that his federal constitutional claims must be presented to the highest state court for consideration, on the merits, before he is entitled to seek federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). Where, as here, a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice, to allow him to finish exhausting those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

      As indicated, Owens has filed a state habeas petition in the Supreme Court of Virginia. The respondent herein indicates that an extension of time to respond has been requested in that case. (Br. of Resp. at ¶ 3, ECF No. 10.) The Supreme Court of Virginia's electronic case management system indicates that the matter is still pending in that court. Thus, Owens has begun to exhaust his claims, but the process is not finished. He must receive a final ruling from that court before a federal district court can consider the merits of his petition under § 2254. Slayton, 404 U.S. at 54.

Because Owens' habeas petition remains pending before the Supreme Court of Virginia, he has not yet exhausted his state court remedies. Accordingly, the court will grant the respondent's motion and dismiss the petition without prejudice.[1]

**ENTER:** This 8th day of February, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.02.08 10:09:53
-05'00'

_____

Chief United States District Judge

---

[1] Owens may refile his federal habeas petition after he has exhausted his state court remedies, if he so desires. However, the time in which to do so is limited. See 28 U.S.C. § 2244(d).

3